IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:04-CR-3 |
| | § | |
| NOAH MARTIN NIEMEYER | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 9, 2009, alleging that the Defendant, Noah Martin Niemeyer, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on September 14, 2004, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute less than 50 grams of methamphetamine, a Class C felony. This offense carries a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. The Defendant was sentenced to 37 months' imprisonment followed by 3 years of

supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure, drug aftercare, and a $100 special assessment.

## II. The Period of Supervision

On November 9, 2006, Noah Martin Niemeyer completed his period of imprisonment and began service of the supervision term. On March 6, 2007, Noah Martin Niemeyer's conditions of supervision were modified to include that he shall reside and participate in a community corrections component of a Community Corrections Center, as instructed, until discharged by the center directors, but no longer than 240 days from admission. On July 12, 2007, the original term of the Defendant's term of supervised release was revoked, and Mr. Niemeyer was sentenced to four months plus 236 days' imprisonment to be followed by 2 years' supervised release.

After his second period of imprisonment, the Defendant began his two year term of supervised release on May 28, 2008.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on January 9, 2009, alleging that Niemeyer violated a mandatory condition of release by committing another federal state, or local crime, to wit: On December 20, 2008, Noah Martin Niemeyer was arrested by the Splendora Police Department for aggravated assault causing serious bodily injury.

## IV. Proceedings

On January 9, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first and only allegation, which asserted that he violated a condition of supervised release by committing another federal, state, or local crime.

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of twelve (12) months' and one (1) day imprisonment, with no term of supervised release to be imposed after release.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years; however, because of the Defendant's previous revocation and resulting imprisonment, the maximum imprisonment sentence is 12 months and 9 days.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by being convicted of aggravated assault with a deadly weapon in Montgomery County, Texas, the Defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation release based on a Grade A violation and a criminal history category of I, the guideline imprisonment range is 12 to 18 months. Since Mr. Niemeyer has been revoked from a previous term of supervised release and was ordered to serve 4 months plus 236 days, his new guideline range is 12 months to 12 months and 9 days.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation fo probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he shall not commit another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade A violation, and his criminal history category is I. Policy guidelines suggest 12 to 12 months and 9 days' imprisonment. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of twelve (12) months and one day imprisonment, with no term of supervised release to follow.

## VII. Recommendations

1. The Court should find that the Defendant violated a mandatory condition of supervised release by committing another federal, state, or local crime.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of twelve (12) months and one (1) day, with no term of supervised release to follow.

4. The Defendant requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Beaumont, Texas to facilitate family visitation. The undersigned requests the Court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 15th day of January, 2014.

_____
Zack Hawthorn
United States Magistrate Judge